10-3846-ag
Wu v. Holder

BIA
Mulligan, IJ
A071 961 121

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand twelve,

PRESENT:
>    ROSEMARY S. POOLER,
>    RICHARD C. WESLEY,
>    RAYMOND J. LOHIER, JR.,
>        *Circuit Judges.*

_____

JIAN KANG WU,
>    *Petitioner,*

> v.                                           10-3846-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ethan B. Kanter, Senior Litigation Counsel; John M. McAdams, Jr., Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Kang Wu, a native and citizen of the People's Republic of China, seeks review of an August 25, 2010 order of the BIA, affirming the October 15, 2008, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Kang Wu*, No. A071 961 121 (B.I.A. Aug. 25, 2010), *aff'g* No. A071 961 121 (Immig. Ct. N.Y. City Oct. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision, *i.e.*, minus the adverse credibility determination not relied upon by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Although Wu claims that he suffered past persecution due to his wife's forced sterilization, the forced

2

sterilization of one's spouse does not qualify as *per se* persecution and does not alone create a presumption of a well-founded fear. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308-09 (2d Cir. 2007); 8 C.F.R. § 1208.13(b)(1). Moreover, even if Wu demonstrated "other resistance" to the family planning policy, his testimony supported the agency's determination that he did not suffer harm rising to the level of persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011). Although Wu claimed to fear economic persecution based on the imposition of a 3,000 Renminbi fine, the agency reasonably determined that Wu failed to establish that the amount was sufficiently onerous to constitute persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).

Having found that Wu did not demonstrate past persecution, the agency also reasonably determined his fear of future sterilization was not objectively reasonable, noting that "[s]ince [his] wife has already been sterilized, it would be hard to believe that the [Chinese] Government would be looking for him for 17 years to sterilize him as well." *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005). Accordingly, the agency did not err in finding

3

that Wu failed to meet his burden of showing that he was persecuted or that he had an objectively reasonable fear that he would be persecuted due to his violation of the family planning policy.  Similarly, in finding that Wu failed to meet his burden in demonstrating a well-founded fear of persecution on account of his Catholic religion, the agency reasonably relied upon Wu's testimony that his family had been practicing Catholicism unharmed in China for over 20 years and his wife's omission from her letter of reference to any problems due to her religion.  *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Although Wu is correct that the BIA erred in applying the REAL ID Act because his initial asylum application was filed before May 11, 2005, remand is not required, because we are "confident that the agency would reach the same result upon a reconsideration cleansed of errors."  *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir. 2006).  Wu does not point to any distinction between the REAL ID Act and pre-REAL ID Act law that impacts his case, nor is any relevant distinction apparent upon review. Moreover, the BIA explicitly stated its agreement with the IJ's burden finding, which did not include any reference to,

4

or reliance on, the REAL ID Act. Because the agency did not err in denying Wu's application for asylum, it also did not err in denying his application for withholding of removal. *See Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk